United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60421
Summary Calendar
_____

JEANETTE MARTINEZ-SALAZAR, also known as Jeanette Galvan,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 356 400
--------------------

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Jeanette Martinez-Salazar petitions this court for review of
the Board of Immigration Appeals's (BIA) implicit denial of her
request for reissuance/reinstatement of the voluntary departure
period issued by the Immigration Judge.  Martinez-Salazar argues
that the voluntary departure period is tolled during the
adjudication of a motion to reopen notwithstanding this court's
holding in <u>Banda-Ortiz v. Gonzales</u>, 445 F.3d 387 (5th Cir. 2006),
<u>cert. denied</u>, 127 S. Ct. 1874 (2007).  She argues that, unlike
the petitioner in <u>Banda-Ortiz</u>, she requested a stay of removal to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

toll the voluntary departure period. Martinez-Salazar also argues that the BIA abused its discretion by not ruling on her request to reissue/reinstate her voluntary departure period, which she made in her supplemental brief supporting her motion to reopen.

This court has held that the BIA is not required to automatically toll the voluntary-departure period for an alien whose motion to reopen is pending before the BIA. Banda-Ortiz, 445 F.3d at 390. Contrary to Martinez-Salazar's suggestion, a panel of this court may not overrule precedent set by another panel, absent an intervening en banc decision of this court or a Supreme Court decision. See Foster v. Quarterman, 466 F.3d 359, 367-68 (5th Cir. 2006), cert. denied, 127 S. Ct. 2099 (2007). Further, the applicable statutory and regulatory provisions make clear that the BIA was without authority to extend the voluntary departure period beyond the 60 days already granted at the conclusion of removal proceedings. See 8 U.S.C. § 1229c(b); 8 C.F.R. § 1240.26(f).

The 60 day voluntary departure period granted to Martinez-Salazar had expired prior to the BIA's decision. Accordingly, Martinez-Salazar failed to establish that the BIA abused its discretion in implicitly finding that the stay of removal did not distinguish her case from Banda-Ortiz and could not toll the voluntary departure period. See § 1229c(b); § 1240.26(f).

Accordingly, the BIA's implicit denial of the motion to stay the voluntary departure period was not an abuse of its discretion.

For the foregoing reasons, Martinez-Salazar's petition for review is DENIED.